Calvin C. CAMPBELL et al., Plaintiffs-Appellants,

v.

SUPREME COURT OF FLORIDA, Defendant-Appellee.

No. 28884

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 16, 1970.

Rehearing Denied and Rehearing En Banc Denied July 24, 1970.

Calvin C. Campbell, pro se.

Earl Faircloth, Atty. Gen., State of Florida, Tallahassee, Fla., for defendant-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

■ This is an appeal from the dismissal by the district court of an action by a state prisoner seeking declaratory and injunctive relief against the Supreme Court of Florida. We affirm.[1]

Appellant alleged that his appeal to the Florida Supreme Court from a judgment imposing the death penalty was heard by only five justices. The Florida Appellate Rules, Rule 3.10(g) (1), 33 F.S.A., require that appeals in capital cases be heard by the Supreme Court en banc (seven justices). Appellant also alleges that two of those five justices retired before the decision was rendered but concurred in the decision with the result that only three active justices concurred in the decision. Article V, § 4(1) of the Florida Constitution, F.S.A. provides that five justices shall constitute a quorum and that the concurrence of four supreme court justices is necessary to a decision.

■ The interpretation of the Florida State Constitution and the state's rules of appellate procedure are matters peculiarly within the province of the Florida Supreme Court. Appellant contends that the manner in which his appeal was handled by that court violated his federal right to due process. We cannot hold that an appellate hearing before five rather than seven justices and a decision concurred in by three rather than four active justices was so fundamentally unfair as to deprive appellant of due process.

■ Moreover, while appellant alleges a denial of equal protection, he makes no allegation as to how the Florida law has been unequally applied. The conclusory claim of unconstitutionality is not enough in and of itself to state a cause of action.

■ Appellant further alleges that one justice participating in his case should have been disqualified for conflict of interest on the ground that the justice is allegedly a director of a Florida bank. The murder for which appellant was convicted occurred when he was being arrested in connection with a bank robbery. Appellant argues that a bank director could not objectively sit in judgment on a case involving a bank robbery. We find the relationship to be so attenuated as to foreclose even the intimation of conflict of interest or the appearance of bias. Appellant's contention on this point thus fails.

■■ It is finally contended that the members of the Florida Supreme Court are disqualified from sitting on that

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

court because their outside activities for remuneration violate the judicial code of ethics and the requirement in Article V, § 18, of the Florida constitution that judges shall devote full time to their judicial duties. Appellant has not shown how he has been injured by the alleged conduct even if it could be established, and, consequently, that claim is without merit. It is a judge's duty to decide all cases within his jurisdiction and "he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." Pierson v. Ray, 1967, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288.

The judgment of the district court is affirmed.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.