**Harry PERSCHKA**

v.

**Joseph BRIERLEY.**

**Civ. A. No. 71–52.**

United States District Court,
W. D. Pennsylvania.

Feb. 5, 1971.

**412**

Harry Perschka, pro se.

OPINION

ROSENBERG, District Judge.

The petitioner, Harry Perschka, has presented a petition for a writ of habeas corpus in forma pauperis, with supplementary documents in support of his petition.

From the petition and documents, it appears that on December 16, 1965, following a trial and conviction, the petitioner was sentenced to serve a one to two year sentence for burglary, a one to two year sentence for larceny, and a five to ten year sentence for prison breach at No. 77 September Sessions, 1965, Mercer County Court of Quarter Sessions; that all sentences were to run consecutively; that on January 12, 1966 in the order of commitment, the Clerk of Court certified to the Commonwealth of Pennsylvania that the petitioner was " * * * sentenced by the above Judge to undergo imprisonment by separate

and solitary confinement at labor in a State Correctional Institution for a term of not less than one (1) years(s) nor more than fourteen (14) years * * * "; that following completion of one year's service, the petitioner made application for parole; that on November 22, 1968, during the pendency of this parole application a corrected order of commitment was certified by the Clerk of Court which provided that " * * * sentenced by the above Judge to undergo imprisonment by separate and solitary confinement at labor in a State Correctional Institution for a term of not less than seven (7) years(s) nor more than fourteen (14) years * * * "; that the petitioner contends that this change in the commitment order constitutes an illegal change in the sentence made after the original term of court, and that for this reason the commitment order as originally certified should be binding on the Commonwealth.

This matter was originally presented to the Court of Quarter Sessions of Mercer County on a post-conviction petition. That court concluded on January 22, 1969 that the written sentences, signed by the Court, and filed of record constitute the legal sentence, and that the commitment order of the Clerk of Court was nothing more than official governmental correspondence. On June 12, 1969, the Superior Court affirmed the order and judgment of the Court of Quarter Sessions, and allowance to appeal was denied by the Supreme Court of Pennsylvania on September 15, 1969. Thus, the petitioner has effectively exhausted the remedies available to him in the state courts. United States ex rel. Bennett v. Rundle, 419 F.2d 599, C.A. 3, 1969; United States ex rel. Fletcher v. Maroney, 413 F.2d 16, C.A. 3, 1969.

The record as presented by the petitioner does not present any factual disputes. I am called upon to make a legal determination of whether the corrected commitment constitutes an illegal change in the sentence made after the original term of court. On January 20, 1969, the Court of Quarter Sessions of

Mercer County held a hearing on this contention, at which the petitioner was represented by appointed counsel. The Court then took judicial notice of the court's records and concluded, "We find there is no merit to this position. The sentence of the Court in this case was written, signed by the Court, and filed of record at the respective numbers and terms as set forth in the above findings of facts. Those sentences constitute the legal sentences of the defendant * * *. Obviously the letter of the Clerk of Courts dated November 25, 1968, which merely attempted to correct the date of the minimum at No. 77 September Sessions, 1965, to conform to the true sentence, a copy of which was on the corrected commitment, is nothing more than correspondence with an officer of the Pennsylvania Bureau of Corrections, and is in no way a sentence."

"Inasmuch as all of the above facts appear of record, except the correspondence of the Clerk, which is on file in her office and is not disputed, there is no reason or justification for an evidentiary hearing on the petition * * *" As already stated, this disposition was affirmed by the Superior Court, without opinion, and leave to appeal was denied by the Supreme Court of Pennsylvania.

It is stated in 24 C.J.S. Criminal Law § 1585 that "A sentence, as any other judgment, is construed in its entirety according to the usual canons of construction, and so as to give effect to the intent of the sentencing court." This position was adopted in Com. ex rel. Scoleri v. Burke, 171 Pa.Super. 285, 90 A.2d 847 (1952). It is generally held that matters of interpretation of state laws and procedural rules are matters particularly suitable to determination by the state's highest court. Campbell v. Supreme Court of Florida, 428 F.2d 449, C.A. 5, 1970. While in the absence of a decision by a state's highest court, the federal court may independently find what it believes the law to be. Decisions of lower state courts are to be afforded some degree of weight. Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); Bobo v. Page Engineering Company, 285 F.Supp. 664 (W.D.Pa.1967), affirmed 395 F.2d 991, C.A. 3, 1968.

Thus the determination of the Pennsylvania Superior Court in Scoleri, supra, echoes the belief that it is the intent rather than procedural formalities which must control. "The judgment of a court is the judicial determination or sentence of the court upon a matter within its jurisdiction. No form of words and no peculiar formal act is necessary to evince its rendition or to mature the right of appeal * * * where * * * a formal judgment is signed by the judge, this is prima facie the decision or judgment rather than a statement in an opinion or a docket entry." United States v. Hark, 320 U.S. 531, 534–535, 64 S.Ct. 359, 361, 88 L.Ed. 290 (1944), rehearing denied 321 U.S. 802, 64 S.Ct. 517, 88 L.Ed. 1089 (1944). This recognition, that clerical errors should not be controlling and are subject to correction at any time, has been incorporated in Rule 60 of the Federal Rules of Civil Procedure. United States v. Stuart, 392 F.2d 60, C.A. 3, 1968.

In the present case, the sentence as pronounced in open court, then reduced to a writing and filed by the court, is the controlling disposition, and *mere clerical errors cannot be allowed to vary a sentence imposed by a court.* To conclude otherwise, would leave wide latitude for individuals to alter, vary, or completely nullify a judicial determination.

Accordingly, the petition of Harry Perschka for a writ of habeas corpus in forma pauperis will be denied. A certificate of probable cause will also be denied.