MANN, Chief Judge
(concurring in Denial of Rehearing).
One of the points made in this petition for rehearing warrants some discussion because it has been treated summarily and by necessary implication in the published opinions of our Supreme Court and other appellate courts. The appellant states:
“One of the judges who heard oral argument and who is no longer on the Court did not participate in the decision of the Court. Judge Mann who participated in the decision did not hear the oral argument although he was present at the Court on the date oral argument was held and conceivably could have sat in the place of the associate judge who wrote the opinion.
“Oral argument should be allowed before another panel of the Court.”
The analogy of the iceberg understates the extent to which the work of appellate judges is hidden from view. I shudder at the thought that I must absent myself from work on any day that a visiting judge is sitting as a member of a panel of this court. The Florida Constitution, Article V, Section 4(a) provides that “Three judges shall consider each case . . . ” In the six years I have been here the caseload of this court has more than doubled, and we could not cope with it were it not for judges like Judge Schwartz who undertake voluntarily appellate work in addition to their duties as trial judges.
Rule 3.10(e) of the Florida Appellate Rules, 32 F.S.A., provides :
“Court May Require, or Dispense with, Oral Argument. In its discretion the Court may require oral argument in any case even though the same has not been requested, may limit the time thereof, or may dispense with oral argument in any case even though request for oral argument has been made.”
The occasional participation of a judge who has not heard oral argument is contemplated of necessity in Rule 3.10(f), which provides that all but a few categories of cases in the Supreme Court will be heard by five justices. In any case in which two of those five dissent, the participation without having heard argument of the remaining justices would be the normal eventuality. Of course, there are times when reargument helps, and on some occasions we have scheduled reargument in cases like this one, in which one judge who *151 heard argument has since returned to private practice and is thus unavailable for judicial service.
Oral argument is frequently dispensed with, even when requested. See cases cited under West’s Florida Digest, Appeal and Error, <&=>824 and annotations to Rule 3.10, F.A.R. It follows, a fortiori, that oral argument as to one of three judges may be dispensed with. Even a death penalty case allegedly heard by only five justices presented no due process violation. Campbell v. Supreme Court of Florida, 5th Cir. 1970, 428 F.2d 449.
Our practice has been to schedule reargument where there is some useful purpose to be accomplished by it. There is none here.
Some additional assertions in the petition for rehearing warrant comment. The appellant states:
“The opinion of the Court indicates prejudice against persons accused of ‘white collar crimes’ and the Court ■ has erroneously concluded by its opinion, in effect, that a person involved in a ‘white collar crime’ has the burden of proving his innocence and that the rules of law applicable to circumstantial evidence and its probative effect do not apply in instances where ‘white collar crimes’ are involved.
“By adopting a different standard for persons accused of ‘white colloar crimes’ the Court has overlooked the fundamental principle that a crime is a crime, regardless of who commits it and there should be the same standards required for proof of guilt. Any other rule violates ‘due process’ and the civil rights of the individual who is placed in this class,’’
This is precisely opposite from what Judge Schwartz’ opinion states. What . ,we thought had been made perfectly clear is that the person accused of “white collar crime” is treated exactly like any other person accused of crime. We have applied the same standard, and this record amply supports McGough’s conviction and Judge Schwartz’ opinion.
The appellant asserts that we must, as a reviewing court, accept a version of the facts which a jury has considered and rejected. In essence, McGough procured the transfer to the dealership of more dollars than were necessary to pay for the vehicles. These amounts were scrupulously accounted for. They were credited, in an account labeled “Customer Deposits,” account number 2300 in a system common to Ford dealers, to the Co-op. There these amounts were recorded, along with the twenty-five dollar deposits of purchasers whose cars had not yet been delivered. On one occasion McGough took possession of a car for the purchase price of which insufficient credits had accumulated. Account 2300 bore, for a time, a debit balance in Mc-Gough’s name personally. Credits to the Co-op eventually offset this amount. Mc-Gough asks us to consider “unrebutted” direct testimony of the dealership’s owners that these sums did not belong to the Co-op. This testimony is contradicted by substantial competent evidence, and the jury believed the State’s version. To concede legal validity to appellant’s petition for rehearing would require abandonment of prosecution in any case in which a witness might be called to testify personally to a version of the facts disproved by the records. The implications of this suggestion are horrendous.
The rest of the petition is full of similarly fallacious argument, much of it of a tone appropriate in argument to a jury, but inapproprate in an appellate court which must take substantiated fact as it is found by the jury. For example, and this is underlined : “Regardless of the price charged, unless it was shown that an unreasonable price was paid for a vehicle, there could be no larceny involved under any stretch of the imagination.” It takes only momentary reflection to reveal, without my laboring it, that that is patently false, and no authority is cited for it. In the same vein, Me- *152 Gough asserts that “ . . .if the agency gave Appellant automobiles, it was no one else’s business.” Maybe the jury could be persuaded that that characterizes these transactions accurately, but they didn’t. The suggestion (and it is only that, because a stronger assertion cannot be supported) that as a matter of law we must declare, contrary to their verdict, that we have before us a series of acts of charity need not be refuted with any lengthy footnote.
Erie McGough was, if one takes the evidence adduced on his behalf as indicative, a useful citizen of his community, and a respected one. He built this cooperative from the beginning. Its rates were consistently lowered, and its services consistently improved. Had he but the grace to pay for his own automobiles he would still enjoy the same respect in the community which he obviously receives from his able and dedicated counsel. The question before us is purely legal, and the record of his trial reveals painstaking care to respect his legal and constitutional rights. This was a case well tried and reviewed without the slightest evidence of prejudice. Any quibbles with Judge Schwartz’ opinion must be merely semantic. They are assuredly without foundation in the law or this voluminous record.
I therefore concur in the denial of rehearing without reargument.