Commonwealth ex rel. Scoleri, Appellant, *v.*
Burke.

Submitted March 24, 1952. Before Rhodes, P. J.,
Hirt, Reno, Dithrich, Ross, Arnold and Gunther,
JJ.

*Anthony Scoleri,* appellant, in propria persona, submitted a brief.

*Michael von Moschzisker,* First Assistant District Attorney, *Armand Della Porta,* Assistant District Attorney, and *Richardson Dilworth,* District Attorney for appellee.

OPINION BY RHODES, P. J., July 17, 1952:

Relator and three other individuals, including one Richard Febo, were indicted on February 18, 1948, at Nos. 398 and 399, February Sessions, 1948, in the Court of Oyer and Terminer of Philadelphia County. Each indictment charged the offense of armed robbery. On April 28, 1948, relator and Febo entered guilty pleas to both indictments, and testimony was taken as to the offenses.[1] They were held for sentence. The notes of testimony show this oral pronouncement on the following day: "Febo and Anthony Scoleri, 20 to 40 years, Eastern Penitentiary."

On each bill of indictment sentence was endorsed. The sentence on each bill was for a term of not less than 10 years nor more than 20 years in the Eastern State Penitentiary, sentence on bill No. 398 to be computed from March 24, 1948, and sentence on bill No. 399 to begin at the expiration of the sentence on bill No. 398. Both endorsements are signed by the sen-

---

[1] The testimony is to the effect that there were 22 crimes of violence committed between January 13 and March 17, 1948.

tencing judge, Honorable HARRY S. McDEVITT. The docket entries of the Court of Oyer and Terminer of Philadelphia County to the said numbers and term set forth the imposition of the same sentences as are endorsed on the bills of indictment.

The case is now before us on appeal from the order of Judge BOK of the Court of Common Pleas No. 6 of Philadelphia County denying relator's petition for a writ of habeas corpus.

Relator contends that the verbal pronouncement of the judge constitutes the sentence imposed, and that as such it is illegal in that it is a "lumped" sentence and exceeds the allowable maximum punishment prescribed for the offense of armed robbery.

In 24 C. J. S., Criminal Law, §1585, pp. 114, 115, it is stated: "A sentence, as any other judgment, is construed in its entirety according to the usual canons of construction, and so as to give effect to the intent of the sentencing court. . . . Also, in determining its sufficiency the entire record will be searched and all parts of the record interpreted together, . . ."

In *Hill v. United States ex rel. Wampler*, 298 U. S. 460, 464, 56 S. Ct. 760, 80 L. Ed. 1283, 1286, the Supreme Court of the United States, in an opinion by Mr. Justice CARDOZO, said: "Two of the questions certified to us, the first question and the third, make mention of a variance between the commitment and the sentence 'orally pronounced.' If that were the only variance, we should deem it unimportant. The only sentence known to the law is the sentence or judgment entered upon the records of the court [citing cases]. If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth. People ex rel. Trainor v. Baker, 89 N. Y. 460, 466. But the judgment imports verity when collaterally assailed. Ibid. Until corrected in a direct proceeding, it says

what it was meant to say, and this by an irrebuttable presumption. In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge."

In *Com. v. Harrison,* 142 Pa. Superior Ct. 453, 455, 456, 16 A. 2d 665, 667, this Court said: "Regardless of the evident intention of a lumping sentence, the penalties of a number of counts cannot have a cumulative effect. The only method recognized in law for the accomplishment of that result, requires separate orders on separate counts with the express direction, in apt language, that the sentences shall take effect consecutively."

The separate consecutive sentences endorsed on the bills of indictment, signed by the sentencing judge, and so entered in the records of the court constitute the sentences imposed in these cases. As such they complied with the requirements of *Com. v. Harrison,* supra. See *Com. ex rel. Powers v. Smith,* 138 Pa. Superior Ct. 161, 10 A. 2d 794. The fact that Judge Mc-Devitt orally totaled the minimum and maximum terms of the separate sentences imposed cannot operate to invalidate them. He was merely voicing the cumulative effect of the separate sentences, and they were not erroneously lumped into one sentence. If there were any error in the sentences they could be corrected; such error would be no cause for discharge. The validity of the proceedings prior to sentence is not questioned, and they would not be affected by an erroneous sentence. *Howell v. United States,* 172 F. 2d 213, 215. We find no error requiring resentence. The sentences as recorded appear to have been properly imposed. Nothing inconsistent or irreconcilable is disclosed. Oral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are no part of the judgment of sentence. *Mathews*

*v. Swatts*, 16 Ga. App. 208, 84 S. E. 980. The judgments as entered carry a presumption of regularity, and the relator is bound by the record thereof in the Court of Oyer and Terminer of Philadelphia County until the contrary affirmatively and competently appears. *Com. ex rel. Spencer v. Ashe*, 364 Pa. 442, 444, 71 A. 2d 799; *Com. ex rel. Kaylor v. Ashe*, 167 Pa. Superior Ct. 263, 267, 74 A. 2d 769; *Com. ex rel. Chambers v. Claudy*, 171 Pa. Superior Ct. 115, 90. A. 2d 383. Relator had counsel who appeared with him. We find no question of due process involved in this habeas corpus proceeding.

The order is affirmed.