## Commonwealth ex rel. Marelia, Appellant, *v.* Hill.

Argued October 6, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (HIRT, J., absent).

*Elkins Wetherill,* with him *Riely, Powell, Earle & Wetherill,* for appellant.

*Samuel Dash,* with him *Armand Della Porta,* Assistant District Attorneys, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

Relator was found guilty on March 22, 1946, on indictments charging attempted burglary and possession of burglary tools. At the conclusion of the trial the trial judge stated to relator: "Go up and work in the penitentiary for the next five years." Relator alleges that this was the only sentence ever pronounced in his presence. The sentence endorsed on the indictment for attempted burglary was "not less than three and a half years nor more than seven years at separate and solitary confinement in the Eastern State Penitentiary, to be computed from March 18, 1946". Relator served three and one half years of this sentence and was released on parole on March 18, 1954. He is subject to parole for three and one half years from that date, but avers in his petition for writ of habeas corpus that the sentence should be corrected and that his parole time should be reduced to eighteen months. The court below dismissed the petition.

There is no merit to relator's contention. "Oral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are no part of the judgment of sentence," *Com. ex rel. Scoleri v. Burke,* 171 Pa. Superior Ct. 285, 90 A. 2d 847. In *Hill v. United States ex rel. Wampler,* 298 U. S. 460 (1935), the United States Supreme Court had before it a proceeding, such as here, instituted by a petition for a writ of habeas corpus based on an alleged inconsistency between sentence as written and as orally pronounced, and the court held: "The only sentence known to the law is the sentence or judgment entered upon the records of the court . . . If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth . . . But the judgment imports verity when collaterally assailed. . . . Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption. In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge." The statement in this case by the trial judge was ambiguous and should have been questioned by relator or his counsel at the time. It should not be questioned by means of this collateral proceeding.

Judgment affirmed.