## Commonwealth ex rel. Clawson, Appellant, *v.* Baldi.

Submitted November 15, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*George Clawson,* appellant, in propria persona.

*L. Alexander Sculco*, District Attorney, *C. Ward Eicher*, Assistant District Attorney, and *John K. Best*, Assistant District Attorney, for appellee.

OPINION BY WRIGHT, J., January 17, 1956:

George Clawson, an inmate of the Western State Penitentiary, presented to the Court of Common Pleas of Westmoreland County a petition for a writ of habeas corpus. The District Attorney filed an answer, to which the petitioner filed a "rebuttal". Thereafter the court entered a decree dismissing the petition. This appeal followed.

The record discloses that, on September 1, 1953, appellant was tried before a jury on a charge of forcible rape. He was represented by counsel at the trial. Following a verdict of guilty, a motion for new trial was filed. On February 8, 1954, after the testimony had been transcribed and argument heard, the motion was overruled. On February 19, 1954, appellant was sentenced to serve a term of not less than two nor more than seven years. No appeal was taken. Appellant executed the present petition on February 7, 1955.

According to appellant's brief, the questions involved in the present appeal are (1) "Whether or not a court can increase or add to a sentence after at which time sentence was imposed"; and (2) "Whether or not an accused can be legally convicted of the crime of rape, where the felonious act has not been proven by evidence whatsoever".

Appellant's first contention is based upon his allegation that the court originally imposed a flat sentence of two years, and that he ascertained upon arrival at the penitentiary that the sentence "had been changed" to a minimum of two and a maximum of seven years, which alleged change was made in appellant's absence. This contention is answered by the

trial record which reveals only one sentence.[1] An alleged inconsistency between the sentence as written and as orally pronounced may not be collaterally questioned in a habeas corpus proceeding: *Commonwealth ex rel. Marelia v. Hill*, 177 Pa. Superior Ct. 520, 110 A. 2d 832.

Appellant's second contention is in effect an attack upon the sufficiency of the evidence. The matters of which he complains were raised in the motion for a new trial. The writ of habeas corpus is not a substitute for an appeal: *Commonwealth ex rel. DeSimone v. Maroney*, 179 Pa. Superior Ct. 300, 116 A. 2d 747. Since appellant's petition failed to make out a case entitling him to relief, it was properly dismissed: *Commonwealth ex rel. Berry v. Tees*, 177 Pa. Superior Ct. 126, 110 A. 2d 794.

Decree affirmed.

---

[1] "And Now February 19, 1954. It is the sentence of the Court, that you George Clawson here present in open Court . . . be confined in the Western State Penitentiary situate in the County of Allegheny Pa., at Pittsburgh for and during a period of not less than (2) two years and not more than (7) seven years and stand committed until sentence is complied with".