Commonwealth ex rel. Koenig, Appellant, *v.*
Cavell.

Submitted April 11, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Daniel Koenig,* appellant, in propria persona.

*Michael A. Hanna,* District Attorney, with him *P. Vincent Marino,* First Assistant District Attorney, for appellee.

OPINION BY WRIGHT, J., June 11, 1957:

On August 27, 1956, Daniel Koenig, an inmate of the Western Penitentiary, petitioned the Court of Common Pleas of Washington County for a writ of habeas corpus. A rule was granted to show cause why the writ should not issue. Answers were filed by the district attorney and the warden of the penitentiary. On October 9, 1956, the rule was discharged and the writ refused. This appeal followed.

On October 27, 1955, a masked man carrying a pellet pistol entered the Evans Studio in the City of Washington, bound the receptionist with adhesive tape, and took from the cash register the sum of $240.00. The only clue to the robber's identity was a slip issued by a cleaning establishment which had dropped from his person. As a result of a commendable police investigation, Koenig was apprehended and charged with the crime of robbery while armed, a violation of Section

705 of The Penal Code.[1] The case was returned to the Court of Quarter Sessions of Washington County at No. 182 May Sessions 1956, and a true bill was found by the grand jury on April 30, 1956. Koenig was arraigned on May 9, 1956, at which time he entered a plea of not guilty. The bill was thereupon certified to the Court of Oyer and Terminer at No. 11 May Term 1956. The case was called for trial on May 16, 1956, Koenig being represented by able counsel. The prosecuting attorney informed the court that the Commonwealth was ready to proceed. Koenig's attorney thereupon made the following statement: "May it please the court, at this time the defendant, Daniel Koenig, wishes to withdraw his plea of not guilty and enter a plea of guilty to the charge of robbery. The defendant stands before the bar." The trial judge then proceeded to hear testimony from the police officer, the receptionist, and the owner of the studio. Following a plea for leniency by Koenig's attorney, sentence was imposed[2]. The stenographic record of the proceedings covers ten pages.

Appellant first contends that the indictment was invalid. He argues that the bill was endorsed "simple" robbery, not "armed" robbery. This contention is in direct conflict with the record. Section 704 of The Penal Code (18 P.S. 4704) interdicts "robbery by assault and force", and Section 705 (18 P.S. 4705) "robbery while armed". Our examination of the original indictment discloses that it is endorsed "Robbery 18 P.S. 4705", and such is the charge laid in the body

---

[1] Act of June 24, 1939, P. L. 872, Section 705, 18 P.S. 4705.

[2] "The sentence of the Court is that the defendant pay the costs of prosecution, a fine of One Dollar, make restitution in the sum of $240.00, and that he undergo imprisonment by separate and solitary confinement for an indeterminate period of not less than two years and not to exceed four years at the Correctional, Diagnostic and Classification Center at the Western Penitentiary".

of the bill. It should perhaps be noted that, even though there had been a variance between the endorsement and the actual charge, the caption is not part of the indictment. See *Commonwealth ex rel. Robinson v. Baldi,* 175 Pa. Superior Ct. 550, 106 A. 2d 689. The cases relied upon by appellant are entirely inapposite. In *Commonwealth ex rel. Torrey v. Ketner,* 92 Pa. 372, it was held that an indictment charging embezzlement from a national bank did not charge a crime under Pennsylvania law. In *Commonwealth ex rel. Fagan v. Francies,* 53 Pa. Superior Ct. 278, there was no indictment at all.

Appellant's second contention is that he did not sign the plea of guilty. This is not an indispensable requirement. See *Commonwealth ex rel. Allen v. Claudy,* 170 Pa. Superior Ct. 499, 87 A. 2d 74. In the case at bar an indictment had been found, and appellant first entered a plea of not guilty. As the trial was about to commence, the plea was changed to guilty, and so noted on the court record. Appellant has confused the situation under consideration with that covered by the Act of April 15, 1907, P.L. 62, 19 P.S. 241, which deals with waiver of indictment. This is clearly indicated by the cases upon which appellant relies. See *Commonwealth ex rel. Mayernick v. Ashe,* 139 Pa. Superior Ct. 421, 12 A. 2d 452; *Commonwealth ex rel. Penland v. Ashe,* 142 Pa. Superior Ct. 403, 17 A. 2d 224.

Appellant's third contention is that he was "cajoled, beguiled, and lured into letting his counsel enter a guilty plea". The sole basis of this contention is that the trial judge "talked him into entering the plea". This averment is in direct conflict with the opinion of the trial judge[3]. A motion to withdraw a plea of guilty

---

[3] "The writer of this opinion was the sentencing Judge in this case, and recalls very distinctly that he talked with this defendant,

is addressed to the sound discretion of the court before which the plea is entered: *Commonwealth ex rel. LaTempa v. Burke*, 175 Pa. Superior Ct. 513, 105 A. 2d 134. Appellant's plea was entered in his presence by his counsel. In the record of the proceedings on May 16, 1956, there is no indication whatever of over-reaching, or that anything occurred inconsistent with due procees of law. This court record may not be collaterally impeached: *Commonwealth ex rel. DiSimone v. Maroney*, 179 Pa. Superior Ct. 300, 116 A. 2d 747. The "bald statement" in appellant's petition is not enough to compel the court to go into a hearing: *Commonwealth ex rel. Paylor v. Johnston*, 180 Pa. Superior Ct. 228, 119 A. 2d 562. Appellant relies upon language in *Commonwealth v. Myma*, 278 Pa. 505, 123 A. 486, which has no application in the present situation[4]. Incidentally, it was held in the *Myma* case that the defendant had received a fair trial, and the judgment of the court below was affirmed.

Appellant's final contention is that he was not accorded a hearing either in person or by counsel. We have repeatedly stated that the appointment of counsel in a habeas corpus proceeding is not required. See *Commonwealth ex rel. Johnson v. Burke*, 173 Pa. Superior Ct. 105, 93 A. 2d 876; *Commonwealth ex rel. Ridenour v. McHugh*, 179 Pa. Superior Ct. 69, 115 A. 2d 808. It is also well-settled that a hearing is unnecessary in a habeas corpus proceeding where

---

his counsel and his wife before the defendant decided to enter his plea of guilty, wishes to state that in no way was he coerced into entering his plea of guilty, and all that was said to him by the Judge was that 'you (speaking to the defendant in the presence of his wife and counsel) should know whether or not you committed this crime and whether or not you wish to enter a plea of guilty or not guilty' ".

[4] "The practice of a judge entering into the trial of a case as an advocate is emphatically disapproved".

the petition and answers raise no factual issues, and this is so even though a rule to show cause has been granted. In the words of President Judge RHODES in *Commonwealth ex rel. Wolcott v. Burke,* 173 Pa. Superior Ct. 473, 98 A. 2d 206: "Relator's petition raised no factual issues requiring determination by the court, and failed to establish any ground entitling relator to relief by habeas corpus, and therefore a hearing was unnecessary and would have served no purpose. . . The granting of a rule to show cause on relator's petition was perfunctory and did not necessitate a hearing on averments which were not prima facie sufficient to show a violation of due process or ground for relief". See also *Commonwealth ex rel. Luzzi v. Tees,* 176 Pa. Superior Ct. 528, 108 A. 2d 921; *Commonwealth ex rel. Gaurich v. Keenan,* 181 Pa. Superior Ct. 619, 124 A. 2d 144.

The order of the court below is affirmed.