Commonwealth ex rel. Chaney, Appellant, *v.* Cavell.

Submitted November 19, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James Chaney,* appellant, in propria persona.

*William Claney Smith,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY WRIGHT, J., January 21, 1958:

On February 11, 1957, James Chaney, an inmate of the Western State Penitentiary, petitioned the Court of Common Pleas of Allegheny County for a writ of habeas corpus. The petition was summarily dismissed by the court below, without hearing, "inasmuch as the petition sets forth no complaints which can properly be considered under a petition for a writ of habeas corpus". Chaney has appealed.

Appellant was indicted in the Court of Oyer and Terminer of Allegheny County on two charges of forcible rape. The indictment at No. 30 October Term 1953, charging an offense on August 27, 1953, involving Delores Stubbs, was tried before President Judge MORRIS, specially presiding, and a jury which, on November 20, 1953, returned a verdict of guilty. The indictment at No. 29 October Term 1953, charging an offense on August 9, 1953, involving Gloria McGant, was tried before President Judge CREPS, specially presiding, and a jury which, on January 14, 1954, returned a verdict of guilty. At each trial appellant was represented by counsel, and in each case post-conviction motions were filed and overruled. Prison sentences were imposed as follows: On bill No. 30 October Term 1953, four to eight years in the Western State Penitentiary, sentence to commence as of September 11, 1953, the date of appellant's last commitment; on bill No. 29

October Term 1953, three and one-half to seven years in the Western State Penitentiary, sentence to commence at the expiration of the sentence in No. 30 October Term 1953. No appeals were taken.

In his petition appellant sets forth two grounds for the issuance of the writ as follows: 1. "That, in the course of each of the said trial proceedings, he was proceeded against in the absence of the two alternate jurors required by law to be selected and sworn before the trial can proceed". 2. "That, at No. 30 October Term, 1953, he is committed to serve a prison sentence in excess of the Court's sentence as imposed in the presence of the prisoner".

We have carefully examined the original trial records, which records may relevantly be considered in habeas corpus proceedings and may not be collaterally impeached: *Commonwealth ex rel. DiSimone v. Maroney*, 179 Pa. Superior Ct. 300, 116 A. 2d 747. So far as appellant's first reason is concerned, the selection of alternate jurors was not requested at either trial under the provisions of the relevant statute. Act of 1935, P. L. 127, 17 P.S. 1153. And even if such a request had been made, the matter would have been within the discretion of the trial judge. Alleged trial errors may not be considered in a habeas corpus proceeding: *Commonwealth ex rel. Barclay v. Martin*, 183 Pa. Superior Ct. 456, 132 A. 2d 403. The case of *Commonwealth v. Almeida*, 362 Pa. 596, 68 A. 2d 595, cited in appellant's petition, is clearly inapposite.

So far as appellant's second reason is concerned, as stated in the Commonwealth's brief, "He has made no allegation of what sentence purportedly was imposed in his presence, nor any allegation as to what way his sentence is at variance with the sentence imposed and of record". In any event, an alleged inconsistency between the sentence as written and as orally

pronounced may not be collaterally questioned in a habeas corpus proceeding: *Commonwealth ex rel. Clawson v. Baldi,* 180 Pa. Superior Ct. 258, 119 A. 2d 874. Appellant's sentences were properly aggregated by the prison authorities to a total minimum of seven and one-half years and a total maximum of fifteen years, as required by the Act of 1937, P. L. 2093, 19 P.S. 897. See *Commonwealth ex rel. Brawner v. Day,* 181 Pa. Superior Ct. 568, 124 A. 2d 410. In his petition appellant cites *Boyd v. Archer,* 42 F. 2d 43, but he has completely failed to demonstrate its relevancy.

A petition for a writ of habeas corpus which does not make out a case entitling relator to relief is properly dismissed without hearing: *Commonwealth ex rel. Koenig v. Cavell,* 183 Pa. Superior Ct. 445, 133 A. 2d 292.

The order of the court below is affirmed.