## Commonwealth ex rel. Spader, Appellant, v. Myers.

Argued September 10, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before GUERIN, J.

*Paul N. Gardner,* for appellant.

*Charles L. Durham,* Assistant District Attorney, with him *Juanita Kidd Stout,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

656

This is an appeal from the order of the court below dismissing a petition for writ of habeas corpus and remanding the relator after a hearing. Relator had been indicted and sentenced to the Eastern State Penitentiary on January 3, 1940 by the Honorable HARRY S. MCDEVITT, after entering pleas of guilty to five bills of indictment, No. 833 December Sessions, 1939, first count charging assault—being armed with an offensive weapon with intent to rob, second count, robbery—being armed with an offensive weapon; No. 834 December Sessions, 1939, charging assault with intent to kill upon Charles Kalitz, a police officer; No. 835 December Sessions, 1939, charging assault with intent to kill upon Charles Mednick, a police officer; No. 836 December Sessions, 1939, charging assault with intent to kill upon John McSparron, a police officer; and No. 837 December Sessions, 1939, charging carrying concealed deadly weapon, unlawfully carrying firearm without a license. The sentences were consecutive and they were endorsed on each indictment and signed by the trial judge. The relator testified in the habeas corpus proceedings that he pleaded guilty to only one bill, to wit: Bill No. 833 December Sessions, 1939.

We are now obliged to reconstruct the happenings which took place at the arraignment on January 3, 1940. The sentencing judge has long since departed this life. C. D. Saul, Jr., Esq., who represented the relator at that time, was not produced at the habeas corpus hearing nor was his absence explained. Relator is now represented by new counsel who was not present at the arraignment on January 3, 1940. The endorsements on each individual indictment state that the relator, upon being arraigned, either pleaded guilty in the first instance or after a plea of not guilty, withdrew the plea and pleaded guilty. It is hard to

believe that an experienced trial judge would sentence on five indictments if there was a plea of guilty on one only. It is more difficult for us to believe that the attorney who represented the relator at that time would have raised no objection to the sentences on all of the indictments if his client had pleaded guilty on one only. The failure of relator to produce his then attorney may now be considered by us in passing upon this issue of fact. When collaterally attacked, the judgment of a court carries with it a presumption of regularity: *Com. ex rel. Spencer v. Ashe,* 364 Pa. 442, 444, 71 A. 2d 799; *Com. ex rel. Paylor v. Claudy,* 173 Pa. Superior Ct. 336, 98 A. 2d 468; *Com. ex rel. Savage v. Hendrick,* 179 Pa. Superior Ct. 601, 118 A. 2d 233. In the present case this presumption is aided by the record itself, which shows that the relator plead guilty on all five indictments. While it might have been better practice to have the relator sign the pleas of guilty, as is done in some counties, this was not an indispensable requirement: *Com. ex rel. Koenig v. Cavell,* 183 Pa. Superior Ct. 445, 448, 133 A. 2d 292.

Relator also argues that the writ should have been granted because he was held incommunicado for a period of 17 days and that he was not given a preliminary hearing until the end of the 17-day period. Nowhere does he contend that he was coerced into pleading guilty. This case is unlike *Com. ex rel. Herman v. Claudy,* 350 U. S. 116, 76 S. Ct. 223, where the court held that a plea of guilty based upon a confession extorted by violence was invalid under the Federal due process clause. Here relator pleaded guilty in open court, being represented by counsel, and at that time made no complaint at all as to the alleged irregularities happening prior to the finding of the true bills. In fact, his attorney at the arraignment said: "He told me if he had known how decently he would be treated by the po-

lice of Philadelphia, he would have turned over his guns and surrendered." Any such alleged irregularities must be presented by way of defense on trial and by subsequent appeal and do not constitute grounds for release by habeas corpus unless the relator can show that the alleged irregularities caused the failure of due process: *Young v. Sanford, Warden,* 147 F. 2d 1007, certiorari denied, 325 U. S. 886, 65 S. Ct. 1567; *Com. ex rel. Geisel v. Ashe,* 165 Pa. Superior Ct. 41, 68 A. 2d 360; *Com. ex rel. Scasserra v. Maroney,* 179 Pa. Superior Ct. 150, 115 A. 2d 912; *Com. ex rel. Ketter v. Day,* 181 Pa. Superior Ct. 271, 124 A. 2d 163. A confession is not rendered constitutionally objectionable by reason of being made by an accused while. detained, unless the detention induced the confession: *Com. ex rel. Sleighter v. Banmiller,* 392 Pa. 133, 139 A. 2d 918.

Relator also complains about certain remarks that were made by the trial judge after the pleas of guilty had been received and the testimony had been taken to enable the judge to determine the penalty to be imposed. So long as the sentence was within the limits as fixed by law, we do not inquire into the judge's reasons for such sentence.

Relator also alleges that he did not waive a jury trial in writing as required by the act of assembly. There was no necessity for any waiver of a jury trial since relator had pleaded guilty on all indictments.

Relator also contends that the oral sentence of the judge was improper and that as such it is illegal in that it is a "lumped" sentence and exceeds the allowable maximum of punishment prescribed for any one of the crimes charged in the five separate indictments. The separate consecutive sentences endorsed on the bills of. indictment, signed by the sentencing judge, and so entered in the records of the court, constitute

the sentences imposed in these cases. The oral statements made by the judge, but not incorporated in the written judgment signed by him, are no part of the judgment of sentence. The fact that the judge orally totalled the minimum and maximum terms of the separate sentences imposed cannot operate to invalidate them: *Com. ex rel. Scoleri v. Burke,* 171 Pa. Superior Ct. 285, 90 A. 2d 847.

Relator, while armed with three guns, held up a bus company ticket agent. In the course of his flight he fired three shots at three or more different officers on separate occasions. When captured shortly after the holdup and a short distance therefrom, three guns were found on him. All of these facts were testified to by the man held up, by the officers whom relator tried to kill, and other bystanders. When confronted in open court by all of these eyewitnesses, there was little else for the defendant to do but plead guilty to all of the charges. The court below, in the habeas corpus proceedings, tested the credibility of the relator against the record and decided the issues against him. We see no reason to disturb that action as we are convinced that relator received a proper sentence and suffered from no lack of due process. Appellant did not question his guilt but merely asserted procedural irregularities at this late date in an effort to win his freedom.

Order affirmed.