## Commonwealth ex rel. Frey v. Banmiller

*George E. Frey*, relator, p. p.

SATTERTHWAITE, J., August 14, 1959.—On November 26, 1958, relator was convicted by a jury of the of-

fenses of sodomy, assault and battery and false imprisonment in the court of oyer and terminer of this county. Pursuant to the Act of January 8, 1952, P. L. (1951) 1851, 19 PS §1166 et seq., the trial judge deferred sentence until a psychiatric examination had been made of relator through the facilities of the Department of Welfare. Upon the completion thereof and the submission of a written report thereon, he was sentenced on January 23, 1959, effective as of August 26, 1958, as authorized by said act and suggested in said report, to a State penitentiary on the sodomy count for an indeterminate term having a minimum of one day and a maximum of his natural life.

The within petition for habeas corpus, filed by mail by relator in propria persona on August 6, 1959, contains five typewritten pages, three and a half of which consist of a rambling and disjointed discussion of the abstract history and principles of constitutional due process, ex post facto laws and the right of habeas corpus with no stated relationship to relator's situation. The only points which the balance of the petition attempts to bring out, so far as we can understand it, are: (1) That he was not guilty of sodomy since there was no proof of penetration; and (2) "There being more Statute violations, both State and United States Constitutional in the procedure ending in Petitioner's present involuntary servitude. He requests permission to invoke his perogative to retain discussion of these until his appearance in Court, and consultation with Counsel, for which he also petitions."

We understand relator's latter request to be that we appoint counsel for him to attempt to find other alleged errors of which he might seek to take advantage in these proceedings. We know of no authority which requires us so to do. While it was requisite that he have counsel in the criminal proceedings if he so

requested, in fact relator was represented at trial by able and experienced counsel of his own choice. Significantly, and notwithstanding such representation, no motion for new trial was filed and no appeal was taken from the judgment of sentence. The instant habeas corpus proceedings, however, are civil in nature, and the appointment of counsel therein is not required: Commonwealth ex rel. Koenig v. Cavell, 183 Pa. Superior Ct. 445, 449, and cases cited.

Relator's first point is not only unavailable to him in this proceeding, but is unjustified in fact in any event. The stenographic record of the trial, at no. 90, November sessions, 1958, in the court of oyer and terminer of this county, discloses that the testimony of the 17-year-old boy who was the victim of the offense, the surrounding circumstances and the statements, both oral and written, by relator himself, were undoubtedly sufficient to justify the jury's finding that the Commonwealth had proven all the elements necessary for a finding of relator's guilt beyond a reasonable doubt, including the fact of penetration. Moreover, subject to certain exceptions not presently relevant, questions of the sufficiency of evidence and other similar matters which could have been raised by motion for new trial or appeal may not now be raised as a ground for release on habeas corpus: Commonwealth ex rel. Murray v. Keenan, 186 Pa. Superior Ct. 107, and the legion of cases therein cited.

We see no necessity to award a rule to show cause or hold a hearing on the within application. This useless procedure is totally unjustified when the allegations of the petition are unequivocally refuted by the record of the criminal trial, and since the petition therefore fails to make out a case, a hearing is unnecessary: Commonwealth ex rel. Bolish v. Banmiller, 396 Pa. 129; Commonwealth ex rel. Dunay v. Myers, 7 Bucks 150.

162

*Order*

And now, August 14, 1959, the within petition for writ of habeaus corpus is denied, refused and dismissed without hearing, costs to be paid by the County of Bucks.