Opinion by
Spaulding, J.,
Appellant James Pristas was convicted as an accessory before and after the fact of malicious mischief by explosive and of conspiracy to do an unlawful act. The convictions resulted from a jury trial in the Court of Common Pleas of Allegheny County on January 29-30, 1969. This appeal is from the dismissal of appellant’s petition by Judge Ralph H. Smith, Jr., the trial judge, under the Post Conviction Hearing Act, Act of January 25,1966, P. L. 1580 (1965), 19 P.S. §1180.
Appellant contends that he was sentenced twice on the convictions and that the second sentence imposed a greater penalty, in violation of his constitutional rights.[1] On July 23, 1969, appellant appeared before the trial court and was sentenced as follows: “The Couet: Mr. Pristas, is it true that in 1968 you — Are you sentenced for three to seven years for aggravated assault and battery with attempt to kill? The Depend-ant : Yes, Sir .... The Couet : Are you serving time on that? The Dependant : No. I’ve put an appeal in on that case. The Couet : It’s still pending? The Dependant : Still pending, yes .... The Couet : Mr. Pristas, in the third count of the indictment for which you have been found guilty by the jury of conspiracy to do *257 an unlawful act, tlie Court is going to sentence you to the Western Correctional Diagnostic Center to serve a term of not less than one nor more than two years; and that the first and second counts,[2] the Court’s going to sentence you to Western Correctional Diagnostic Center to serve not less than one nor more than two years, both counts. The sentence on the first count and third count to run consecutively . . . .” (N.T. 1st Sentencing Hearing, at 10-11.) The trial judge gave no indication of whether his sentence of 2 to 4 years (totaling the consecutive 1 to 2 year sentences on counts one and three) was to run concurrent with or consecutive to the prior sentence.
Subsequently, appellant appeared before the trial court for a second time following his conviction. The notes of testimony, which are entitled “Sentence : August 1, 1969, Before Judge Smith”, include the following colloquy: “The Court: ... [I]n regard to the sentence I gave you. You will recall the sentence. The sentence isn’t going to change. The only thing is, I want to make it clear that this sentence does not run concurrently with any other sentence. I understand that there was a sentence imposed which has been appealed. The Defendant: Yes. The Court: . . . But be that as it may, this sentence that I imposed the other day will run separate and distinct from any other sentence, so I want that understood, and I didn’t think that I made that clear to you .... The Court : And I just want to make sure that you understand my sentence to be served, . . ., and these are not going to be run together, they will be served consecutively.”
This Court notes the controlling Pennsylvania law in cases such as the instant appeal involving double jeopardy in several recent decisions. In Commonwealth *258 v. Jackson, 218 Pa. Superior Ct. 357, 280 A. 2d 422 (1971), we unanimously held that: “In the recent case of Commonwealth v. Silverman, 442 Pa. 211, 275 A. 2d 308 (1971), our Supreme Court held that a modification of a sentence imposed on a criminal defendant which increases the punishment constitutes double jeopardy .... There is no exception to the Silverman rule even if the increase is allegedly designed to reflect the judge’s true intent, or if a ‘windfall’ to the prisoner may result. Allowing a trial judge to correct his . . . sentence by increasing the prison term cannot be tolerated as a matter of public policy. Commonwealth v. Allen, 443 Pa. 96, 277 A. 2d 803 (1971).” 218 Pa. Superior Ct. at 358-359. And, as we stated in Commonwealth v. Hermankevich, 220 Pa. Superior Ct. 197, 201, 286 A. 2d 644, 646 (1971): “To say that the change of . .. concurrent sentences to consecutive ones, adding . . . to the maximum terms which form the basis for . . . parole or discharge, is not an increase in . . . sentence, needs no argument”. In this case, a change of appellant’s sentences from 3 to 7 years and 2 to 4 years running concurrently to 3 to 7 and 2 to 4 years consecutively would obviously be a substantial increase.
The crucial question therefore, is whether the sentence given on July 23, 1969, was changed at the hearing on August 1, 1969. Although the trial court indicated at that hearing that “[t]he sentence isn’t going to change”, we hold that the sentence imposed on August 1, 1969, did change the valid sentence already imposed on appellant. This increase constituted double jeopardy in violation of his rights, as delineated in Silverman, supra, and cannot be permitted.
The legislative intent of the Act of May 28, 1937, P. L. 1036, §1, 19 P.S. §894, as determined by the case law interpreting this section, compels this holding. The Act states, in part, that: “[A] 11 sentences for criminal *259 offenses . . . shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct.” As stated by President Judge Wright in Commonwealth ex rel. Money v. Maroney, 202 Pa. Superior Ct. 505, 508, 198 A. 2d 380 (1964), the statute intends that where a person is undergoing imprisonment and is thereafter sentenced for another offense: “Unless the sentencing court directs otherwise, . . . the second sentence is effective from the date of its imposition and thus runs concurrently with the first;” [Citations omitted]. Further, Judge Watkins, speaking for the Court in Litzelman Appeal, 207 Pa. Superior Ct. 374, 381, 217 A. 2d 838 (1966), noted that where several sentences were imposed at the same time and there was “no indication . . . that the sentences imposed were to be consecutive or served at the expiration of any other sentence; . . . they are concurrent.” Our holding recognizes that there is no reasonable basis for distinguishing the policy behind these decisions from that which should be applied to the instant case. Where a trial judge knows that a defendant has been sentenced for a prior offense and wishes to exercise his discretion to impose his sentence consecutively to the time already to be served, he must so indicate and direct. It makes no difference whether the defendant has started to serve his time on the prior sentence or is released on bail pending the disposition of an appeal, the subsequent sentence is presumed to be concurrent unless the trial court specifically directs otherwise.
*260 Our holding is supported by the clear intention of Eule 4004 of the Pennsylvania Eules of Criminal Procedure, stating in part that: “(b) After sentence, bail may be allowed in such amount as shall be fixed by the trial judge conditioned upon the defendant perfecting an appeal within twenty days . . (c) When the sentence imposed by the trial judge is a fine or imprisonment not exceeding a term of two years, the defendant shall have an absolute right to bail, conditioned upon his perfecting an appeal within twenty days. Adopted Nov. 22, 1965. Eff. June 1, 1966.” If we were to hold that a subsequent sentence is presumed to run concurrently with any prior sentence on which a defendant is imprisoned awaiting the disposition of an appeal, Commonwealth ex rel. Money v. Maroney, supra, but such subsequent sentence is presumed to run consecutively if he is released on bail awaiting disposition of an appeal on the prior sentence, the clear delineation of the rule would be contravened. Such a holding would discourage those defendants covered by paragraph (b) from applying to the trial judge for bail and encourage those defendant’s qualifying under paragraph (c) to forfeit their right to bail in order to remain imprisoned and benefit from the presumption that any subsequent sentence is to run concurrently with the sentence then on appeal.[3] Our holding therefore comports with the policy of Pa. R. Crim. P. 4004.
Finally, we note that our decision in this case is in compliance with the mandate of the Statutory Construction Act that all “penal provisions” be strictly construed. Act of May 28,1937, P. L. 1019, art. IV, §58, 46 *261 P.S. §558. As cited with approval in Commonwealth v. Clover, 397 Pa. 542, 546, 156 A. 2d 114 (1959), Commonwealth v. Exler, 243 Pa. 155, 162, 89 A. 968 (1914), held that: “. . . when a criminal statute calls for construction it is not the construction that is supported by the greater reason that is to prevail, but that one which, if reasonable, operates in favor of life and liberty:____” See also Commonwealth v. Standard Oil Company, 101 Pa. 119 (1882).
The judgments of sentence are vacated and the case remanded for resentencing in accordance with this opinion.

 Appellant also contends that he did not knowingly and intelligently waive his right to appeal and that the trial judge erred in his charge to the jury. These arguments are refuted by the record and we affirm the convictions and deal only with the sentences.

 The first and second counts were the charges for malicious mischief by explosive.

 While the presumption that the sentences are to run concurrently only applies where the trial court has not specifically indicated whether they are to run consecutively or concurrently, it cannot be doubted that preserving the presumption benefits the defendant.