378 A.2d 370

COMMONWEALTH of Pennsylvania ex rel. George WOODS, Appellant,

v.

James HOWARD, Warden, S.C.I. Pittsburgh.

Superior Court of Pennsylvania.

Argued April 13, 1977.

Decided Oct. 6, 1977.

Paul R. Gettleman, Pittsburgh, for appellant.

David S. Posner, Assistant District Attorney, Washington, with him Jess D. Costa, District Attorney, Washington, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that he is entitled to be discharged because his sentence at No. 23, September Term, 1967, Washington County Court of Common Pleas, has expired. In particular, appellant asserts that the trial court's written order of sentence, entered on September 12, 1969, and specifying a term of imprisonment of two and one-half to five years, must be construed as concurrent with prior sentences in the absence of an express indication to the contrary in the written order. We agree and would, therefore, order appellant discharged from the Judgment of Sentence imposed at No. 23, September Term, 1967.

On August 13, 1968, a Washington County Court of Common Pleas judge imposed concurrent two and one-half to five years' terms of imprisonment upon appellant for convictions of rape and burglary. On February 7, 1969, a jury found appellant guilty of larceny of a motor vehicle. On September 12, 1969, the same judge who imposed the prior concurrent sentences conducted a sentencing hearing. The following colloquy between the court and appellant's counsel ensued:

"The Court: All right. Sentence of the Court is that the defendant pay the costs of prosecution, be committed to the

Western Pennsylvania Correctional Diagnostic and Classification Center where he will be assigned by the Deputy Commissioner for treatment to the proper state institution where he shall serve two and one-half (2½) to five (5) years.

"Let the record show that we will not require that he be sent to the Western Pennsylvania Correctional Diagnostic Center from here but we will at this time order his return to Graterford to the institution from which he was brought for the purpose of the sentencing, there to complete the sentence he is now serving.

"Mr. Goldfarb: Your Honor, I would like to ask, when is this sentence to start to run?

"The Court: This sentence will automatically be calculated by the Pennsylvania Parole authorities and it will begin to run when the sentence he is now serving ends."

However, the court signed and entered the following written order into the record: "AND NOW, September 12, 1969, the defendant is ordered by the Court to pay the costs of prosecution, be committed to the Western Pennsylvania Correctional, Diagnostic and Classification Center [hereinafter W.P.C.D.C.C.] where he will be assigned by the Deputy Commissioner for treatment to the proper state institution where he shall serve a period of 2½ to 5 years." The court also reproduced this order in the docket entries. On September 18, 1969, the clerk of courts in Washington County informed the records officer of W.P.C.D.C.C. that appellant's 1969 sentence should be computed as consecutive to the prior sentences. On July 24, 1976, appellant filed a petition for a writ of habeas corpus in the Court of Common Pleas of Washington County. On September 20, 1976, the lower court denied this petition. This appeal followed.

 The Act of May 28, 1937, P.L. 1036, § 1; 19 P.S. § 894 provided,[1] in pertinent part: "All sentences for criminal offenses . . . shall begin to run and be computed from

1. In 1973, Rule 1415, Pa.R.Crim.P.; 19 P.S. Appendix, suspended 19 P.S. § 894 because this section was inconsistent with Rule 1406; Pa.R.Crim.P. Rule 1406 provides, in pertinent part:

"(a) Whenever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a

the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct." In construing this section, our Court has repeatedly held that a second sentence will be deemed to run concurrently with a prior sentence unless the sentencing court expressly directs that the second sentence shall run consecutively. *Commonwealth v. Pristas*, 222 Pa.Super. 254, 295 A.2d 114 (1972); *Litzelman Appeal*, 207 Pa.Super. 374, 217 A.2d 838 (1966); *Commonwealth ex rel. Money v. Maroney*, 202 Pa.Super. 505, 198 A.2d 380 (1964); *Commonwealth v. Harrison*, 142 Pa.Super. 453, 16 A.2d 665 (1940). See also 10A P.L.E., Criminal Law § 823 (1970).

In *Commonwealth ex rel. Scoleri v. Burke*, 171 Pa.Super. 285, 90 A.2d 847 (1952), our Court rejected a contention that the sentencing court illegally lumped sentences. While the notes of testimony demonstrated that the court had orally pronounced an illegal lumped sentence, the sentences endorsed on the bills of indictment imposed a legal term of imprisonment. We stated: "The sentences as recorded appear to have been properly imposed. Nothing inconsistent or irreconcilable is disclosed. *Oral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are no part of the judgment of sentence.*" 171 Pa.Super. at 285, 90 A.2d at 849. See also *Commonwealth ex rel. Davis v. Pennsylvania Brd. of Parole*, 27 Pa.Cmwlth. 335, 365 A.2d 702 (1976); *Commonwealth ex*

defendant who is incarcerated for another offense, such sentences shall be deemed to run concurrently unless the judge states otherwise. . . .

"(c) When, at the time sentence is imposed, the defendant is imprisoned under a sentence imposed for any other offense or offenses, the instant sentence which the judge is imposing shall be deemed to commence from the date of imposition thereof unless the judge states that it shall commence from the date of expiration of such other sentence or sentences."

*rel. Middleton v. Banmiller,* 191 Pa.Super. 45, 169 A.2d 343 (1961); *Commonwealth ex rel. Spader v. Myers,* 187 Pa.Super. 654, 145 A.2d 870 (1958); 10A P.L.E., Criminal Law § 839. In *Commonwealth ex rel. Scoleri v. Burke,* supra 171 Pa.Super. at 287, 90 A.2d at 848, we also cited with approval the following passage from *Hill v. United States ex rel. Wampler,* 298 U.S. 460, 464, 56 S.Ct. 760, 80 L.Ed. 1283 (1936): " 'Two of the questions certified to us, the first question and the third, make mention of a variance between the commitment and the sentence "orally pronounced." If that were the only variance, we should deem it unimportant. The only sentence known to the law is the sentence or judgment entered upon the records of the court [citing cases]. If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth.[2] *People ex rel. Trainor v. Baker,* 89 N.Y. 460, 466. But the judgment imports verity when collaterally assailed. Ibid. Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption. In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge.' " See also *Commonwealth v. Liscinsky,* 195 Pa.Su-

2. In Pennsylvania, a sentencing court may correct a sentence during the term in which it was rendered or within thirty days after the entry of the sentence if the term terminates before the expiration of the thirty day period. The Act of June 1, 1959, P.L. 342, No. 70, § 1; 12 P.S. § 1032 provides, in pertinent part: "In any civil, criminal or equitable proceeding in which the court has heretofore been vested with the power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, any order, decree, judgment or sentence only during the term of court in which the order, decree, judgment or sentence was entered of record, the court in addition to such power, jurisdiction and authority, shall hereafter have the same power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, the order, decree, judgment or sentence for a period of thirty days subsequent to the date of entering of record the order, decree, judgment or sentence, in any instance where the term of court shall terminate prior to such thirty day period: Provided, That all parties in interest, including the district attorney in criminal cases, are notified in advance of such proposed alteration, modification, suspension, reinstatement, termination, amendment or rescission." See also 10A P.L.E., Criminal Law § 836.

per. 183, 171 A.2d 560 (1961); *Commonwealth ex rel. Chaney v. Cavell,* 185 Pa.Super. 82, 138 A.2d 180 (1958); *Commonwealth ex rel. Spader v. Myers,* supra; *Commonwealth ex rel. Clawson v. Baldi,* 180 Pa.Super. 258, 119 A.2d 874 (1956); 10A P.L.E., Criminal Law § 839.

Finally, we note our Court's admonition in *Commonwealth v. Pristas,* supra 222 Pa.Super. at 261, 295 A.2d at 118, that " ' . . . when a criminal statute calls for construction it is not the construction that is supported by the greater reason that is to prevail, but that one which, if reasonable, operates in favor of life and liberty . . . .' "

In the instant case, the trial court's written order entered into the record on September 12, 1969, and reproduced in the docket entries did not specify that appellant's 1969 larceny sentence would run consecutively to his prior sentences. Therefore, we must consider the 1969 sentence to be concurrent with other sentences. Because this is a habeas corpus proceeding, we may only consider the written order signed by the sentencing judge and may not review his oral pronouncements at the sentencing hearing. Therefore, because appellant's concurrent 1969 two and one-half to five years' sentence has expired, appellant is discharged from the sentence imposed at No. 23, September Term, 1967.

WATKINS, President Judge, and PRICE, J., dissent.

VAN der VOORT, J., did not participate in the consideration or decision of this case.