# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania       :
                                   :
              v.                   :      No. 449 M.D. 2016
                                   :      Submitted: September 15, 2017
Onofrio Positano,                  :
                      Petitioner   :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: December 21, 2017**

        Before this Court is the application for summary relief filed by the Department of Corrections (DOC) seeking dismissal of inmate Onofrio Positano's (Positano) amended petition for review (amended petition). Through his amended petition, Positano seeks an order directing DOC to reduce his state prison sentence based on a statement in an opinion from the sentencing judge. Upon review, we grant DOC's application for summary relief and dismiss Positano's amended petition.

## I. Background

        In his amended petition, Positano, who is incarcerated at the State Correctional Institution at Mahanoy (SCI-Mahanoy), avers the following facts. In April 2016, Positano filed a petition for early parole with the sentencing court, the Court of Common Pleas of Chester County (trial court), "citing that, [he] was sentenced to 13½ to 27 years and had completed more than 50% of [his] minimum

sentence." Am. Pet. for Review at 1. The trial court denied Positano's petition. Positano appealed to the Superior Court.

Thereafter, the trial court issued a "Statement of The Court" (Opinion) in support of its order denying Positano's petition for early parole in which it indicated Positano received a total sentence of 11½ to 23 years as opposed to the 13½ to 27 year sentence shown by DOC, "a 4 year error in sentence computations." Id. Positano avers he received a copy of the Opinion signed by the sentencing judge, the Honorable Phyllis Streitel, which the Chester County Clerk of Courts signed and certified as true and correct. Positano alleges that on page 3 of the Opinion, the trial court, "spelled out by each docket number, the sentences received by [Positano] and [stated], 'Therefore, on the above docket numbers, [Positano] received a sentence of 11½ to 23 years." Am. Pet. at ¶2. Positano avers this statement is contrary to DOC's records, which indicate his sentence is 13½ to 27 years.

Positano avers that in July 2016, he filed a request with SCI-Mahanoy's records department in which he indicated he received the Opinion and cited the four-year discrepancy. In response, the records supervisor stated: "When the county sends something to us certified, we will correct it, our paperwork shows the same as you [sic] status sheet." Am. Pet. at ¶3.

Positano avers he contacted the Clerk of Courts and requested that it send an original certified copy of the Opinion to SCI-Mahanoy's records department. He alleges the Clerk of Courts did so within a week, and the records department acknowledged receipt. Positano further alleges, after several weeks without results,

he sent a follow-up request to the records department. In response, the records department stated, "there are discrepencies [sic] with the docket numbers and until we get clarification, there will be no change. … [T]he Clerk has made an error in typing it. Further, demanding and [sic] Order of Court of a DB 300 form." Am. Pet. at ¶5 (citation omitted).

Positano also avers that, upon questioning the Clerk of Courts to verify the Opinion is true and correct, the Clerk replied and did not allude to the existence of errors in this document. Positano alleges Judge Streitel would not have signed a document she did not review and verify as true and correct nor would the Clerk of Courts sign and certify this document as true and correct if it contained errors.

Positano avers, "historically, the SCI Mahanoy [records department] has abused its power and attempted to act as judge and attorneys. Several, [sic] civil complaints have been filed and grievances filed as well." Am. Pet. at ¶8. Positano alleges he was "referred to the [Department] of Population Management and Sentence Computations, by the Clerk of Courts, this was done on February 5, 2017, to date no reply. Finally, [Positano] was notified by Ms. Jane Hinman, the [Superintedent's Assistant] of SCI Mahanoy, that [SCI-Mahanoy] would not answer a request form [sic] an inmate but, [sic] needed a Court Order directly from the Court." Am. Pet. at ¶9. Finally, Positano avers: "No on [sic] but [DOC] has errored [sic] in his sentence computations and they, must be ordered by this Court to rectify and adjust his sentenc [sic] by the 4 year difference." Am. Pet. at ¶10.

Based on these averments, Positano requests that this Court order DOC to adjust and correct his sentence to show the four-year difference and to indicate

his sentence is 11½ to 23 years rather than the 13½ to 27 year sentence it now has recorded. Am. Pet. At ¶2.

In response to the amended petition, DOC filed an answer and new matter as well as an application for summary relief.[1] Positano filed a reply to DOC's new matter as well as a response to DOC's application for summary relief. Both parties filed briefs regarding DOC's application for summary relief. This matter is now before us for disposition.[2]

## II. Discussion

---

[1] Initially, DOC filed preliminary objections to Positano's petition for review, asserting Positano did not serve DOC with the petition for review, and it was unclear whether he served the Office of Attorney General. As a result, DOC asserted this Court lacked personal jurisdiction to adjudicate this matter. This Court sustained DOC's preliminary objection and dismissed Positano's petition for review. Positano filed an application for reconsideration, alleging he served DOC and the Office of Attorney General with the petition for review. He also filed an application to amend his petition for review. This Court granted Positano's application for reconsideration, vacated its prior order, and reinstated Positano's suit. Additionally, this Court granted Positano's application to amend his petition for review. Positano subsequently filed an amended petition for review.

[2] An application for summary relief may be granted: "At any time after the filing of a petition for review in an … original jurisdiction matter … if the right of the applicant thereto is clear." Pa. R.A.P. 1532(b). The application will be denied where there are material facts in dispute or it is not clear that the applicant is entitled to judgment as a matter of law. Brown v. Dep't of Corr., 932 A.2d 316 (Pa. Cmwlth. 2007).

The record, for purposes of the motion for summary relief, is the same as a record for purposes of a motion for summary judgment. Borough of Bedford v. Dep't of Envtl. Prot., 972 A.2d 53 (Pa. Cmwlth. 2009) (en banc). Pennsylvania Rule of Civil Procedure Rule 1035.1 states that the record in a motion for summary judgment includes any

(1) pleadings,

(2) depositions, answers to interrogatories, admissions and affidavits, and

(3) reports signed by an expert witness …

Pa. R.C.P. No. 1035.1. Therefore, in "ruling on a motion for summary judgment, a court must consider not only the pleadings but other documents of record, such as exhibits." Bedford, 972 A.2d at 60 n.6.

4

## A. Contentions

Through its application for summary relief, DOC asserts, based on the facts pled in its new matter as supported by the attached exhibits and public docket, it is clear Positano is not entitled to the relief sought. More particularly, DOC notes Positano relies on the Opinion. DOC points out that Judge Streitel authored the Opinion, and on page 3, she outlined Positano's sentences. Based on Judge Streitel's review of Positano's sentences, she stated Positano received a sentence of 11½ to 23 years in prison.

However, DOC asserts, based on the sentencing orders it received, it calculated Positano's aggregate sentence as 13½ to 27 years in prison. DOC argues there are two errors in the Opinion upon which Positano relies. First, the Opinion states that in Count 5 to Docket No. 1411-2007, Positano received a sentence of 30 to 60 months. Contrary to this statement, DOC contends the sentencing sheet, attached as an exhibit to DOC's answer and new matter, shows Positano received a sentence of 36 to 72 months on Count 5 at Docket No. 1411-2007.

In addition, DOC maintains that the Opinion omitted any reference to Count 2 to Docket No. 1489-2007. However, DOC asserts the sentencing sheet, attached as an exhibit to its new matter, shows Positano received a consecutive sentence of 18 months to 36 months on Count 2 to Docket No. 1489-2007. Therefore, DOC argues, Judge Streitel's statement in her Opinion of the sentences Positano received inaccurately stated the sentence at Count 5 to No. 1411-2007 and omitted Count 2 to Docket No. 1489-2007. DOC contends this resulted in a two to four year difference (on Positano's aggregate minimum and maximum sentences, respectively) between DOC's calculation and the summary of sentences set forth in

5

the Opinion. As a result, DOC maintains, the 11½ year minimum sentence noted in the Opinion is actually 13½ years, and the 23 year maximum sentence noted in the Opinion is actually 27 years. In reviewing the docket sheets for Docket Nos. 1411 and 1489 of 2007, DOC argues, the sentencing court did not alter Count 5 to Docket No. 1411, nor did it dismiss Count 2 to Docket No. 1489. DOC asserts the Opinion could not alter Positano's duly imposed sentences and sentencing orders. Therefore, DOC contends, its right to relief is clear.

Positano responds that DOC's application for summary relief must be denied where DOC has not submitted any certified documents to support its claims. Positano argues that although DOC asserts that the Opinion contains errors and omissions, it presents no evidence that was certified from the trial court's records. Rather, Positano contends, the only document DOC purports is evidence validating its claims is a letter signed by the sentencing judge that simply mirrors a letter DOC's counsel wrote to the sentencing judge requesting clarification of the statements in the Opinion. On the other hand, Positano maintains, the Opinion itself was certified from the record and sealed and signed by the Clerk of Courts; therefore, it is valid. As a result, Positano requests that this Court deny DOC's application for summary relief and grant his amended petition for review, requiring DOC to adjust his sentence.

### B. Analysis

A writ of mandamus is an extraordinary remedy used to compel official performance of a ministerial act when a petitioner establishes a clear legal right, that the respondent has a corresponding duty, and that the petitioner has no other adequate remedy at law. Tindell v. Dep't of Corr., 87 A.3d 1029 (Pa. Cmwlth.

6

2014). The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure. Aviles v. Dep't of Corr., 875 A.2d 1209 (Pa. Cmwlth. 2005).

DOC is an administrative agency charged with faithfully carrying out sentences imposed by the courts, and is without authority "to adjudicate the legality of a sentence or to add or delete sentencing conditions." McCray v. Dep't of Corr., 872 A.2d 1127, 1133 (Pa. 2005). Because the sentence imposed by a trial court is a question of law that involves no discretion on DOC's part, mandamus may lie to compel DOC to properly compute a prisoner's sentence. Barndt v. Dep't of Corr., 902 A.2d 589 (Pa. Cmwlth. 2006).

"A sentence … is to be construed so as to give effect to the intention of the sentencing judge." Commonwealth ex rel. Powell v. Dep't of Corr., 14 A.3d 912, 915 (Pa. Cmwlth. 2011) (quoting Commonwealth v. Green, 335 A.2d 392, 393 (Pa. Super. 1975)). "[T]o determine this intention the court will limit itself to the language of the judgment despite ... statements of the sentencing judge which are not incorporated in it." Id. at 915-16.

Further,

> [t]he only sentence known to the law is the sentence or judgment entered upon the records of the court. If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth. But the judgment imports verity when collaterally assailed. Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption. In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge.

7

Id. at 916 (quoting Commonwealth ex rel. Woods v. Howard, 378 A.2d 370, 372-73 (Pa. Super. 1977)). As a result, this Court will limit its inquiry to the language embodied in the sentencing orders to determine an inmate's sentence. Id.

Here, attached to DOC's answer and new matter, are the trial court's certified sentencing sheets and the public docket entries that correspond to the sentences at issue. Based on our review of these documents, it is clear that the trial court's later Opinion denying Positano's motion for early parole, upon which Positano bases his claim, contained an error and an omission in its recitation of the various prison sentences Positano received, which led to an inaccurately stated, reduced aggregate sentence.

More particularly, as to Docket Number 1411-2007, in its Opinion the trial court indicated Positano received a sentence of 30 months to 60 months in prison on Count 5. See Tr. Ct., Statement of the Court, 6/30/16, Slip Op., at 3. However, both the certified sentencing sheet and the public docket sheet for Docket Number 1411-2007 state that Positano received a sentence of 36 months to 72 months in prison on Count 5 of Docket Number 1411-2007.[3] See Respondent's Answer to Pet'r's Am. Pet. for Review with New Matter, Exs. B, C.

In addition, in recounting the various prison sentences Positano received, the Opinion omitted any reference to Count 2 of Docket No. 1489-2007.

_____

[3] Further, the docket sheet for Docket No. 1411-2007 reflects that Positano appealed, and the Superior Court affirmed the judgment of sentence. The Pennsylvania Supreme Court denied Positano's petition for allowance of appeal.

8

See Slip Op., at 3. However, both the certified sentencing sheet and the public docket sheet for Docket Number 1489-2007 clearly state that Positano received a sentence of 18 months to 36 months in prison on Count 2 of Docket Number 1489-2007.[4] See Respondent's Answer to Pet'r's Am. Pet. for Review with New Matter, Exs. D, E.[5]

Thus, although the Opinion states that Positano received an aggregate sentence of 11½ to 23 years in prison, when the correct sentence for Count 5 of Docket No. 1411-2007 is utilized (36 to 72 months rather than 30 to 60 months) and the sentence for Count 2 of Docket No. 1489-2007 is included (18 to 36 months), it is clear DOC properly recorded Positano's aggregate sentence as 13½ to 27 years in prison. As a result, Positano cannot establish the first element to his mandamus claim, a clear legal right to the relief he seeks, a reduction in his prison sentence. Powell.

In addition, Positano cannot satisfy the second element of his mandamus claim, that DOC has a corresponding duty to reduce his prison sentence. As stated above, DOC is charged with faithfully implementing the sentences imposed by the courts; it lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions. McCray. Here, DOC lacks authority to

---

[4] Moreover, the docket sheet for Docket No. 1489-2007 reflects that Positano appealed, and the Superior Court affirmed the judgment of sentence. The Pennsylvania Supreme Court denied Positano's petition for allowance of appeal.

[5] Attached as Exhibit A to DOC's Brief is a letter from the sentencing judge, the Honorable Phyllis R. Streitel of the Chester County Court of Common Pleas, which acknowledges that, after a thorough review of court records, her "Statement of the Court" (Opinion) contains this error and omission. Although Positano takes issue with this letter, as set forth above, the statements in the letter are directly supported by the relevant certified sentencing sheets and the public docket sheets.

reduce Positano's duly imposed prison sentences based on an erroneous statement in the trial court's subsequent opinion denying Positano's motion for early parole.

Finally, if Positano believed a sentencing error occurred, he had adequate legal remedies, a post-sentence motion filed with the sentencing court, through the direct appeal process or through the Post Conviction Relief Act, 42 Pa. C.S. §§9541-9546. See, e.g., Aviles; Woods. Therefore, Positano cannot establish the third element for his mandamus claim, that he lacked another adequate legal remedy.

## III. Conclusion

For these reasons, DOC's application for summary relief is granted, and Positano's amended petition is dismissed.

_____
ROBERT SIMPSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Commonwealth of Pennsylvania    :
    :
          v.             :    No. 449 M.D. 2016
    :
Onofrio Positano,    :
           Petitioner    :

# **O R D E R**

**AND NOW**, this 21st day of December, 2017, Respondent's Application for Summary Relief is **GRANTED**, and Petitioner Onofrio Positano's Amended Petition for Review of Sentence Computation Pursuant to Order of Court of May 11, 2017 is **DISMISSED**.

 

_____
ROBERT SIMPSON, Judge