J-S59012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN LEWIS | : | |
| | : | |
| Appellant | : | No. 512 EDA 2018 |

Appeal from the Judgment of Sentence December 27, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0005914-2015

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED NOVEMBER 14, 2018**

Appellant, Kevin Lewis, appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his open guilty plea to two counts of possession with intent to deliver a controlled substance ("PWID") and one count each of fleeing or attempting to elude a police officer and driving while operating privilege is suspended or revoked.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we will only summarize them here.  In July and August 2015, police arranged two controlled drug buys from Appellant.  After the second purchase, police attempted to arrest Appellant.  Appellant, however, fled in his vehicle to New Jersey to avoid

_____

[1] 35 P.S. § 780-113(a)(30), 75 Pa.C.S.A. §§ 3733(a), 1543(a), respectively.

apprehension. At the time of these events, Appellant's license was suspended.

On December 8, 2017, Appellant entered an open guilty plea to two counts of PWID and one count each of fleeing or eluding a police officer and driving with a suspended license. The court sentenced Appellant to an aggregate term of 9 to 18 years' imprisonment on December 27, 2017. Appellant timely filed post-sentence motions on January 3, 2018, which the court denied on January 19, 2018. Appellant timely filed a notice of appeal on February 14, 2018. On February 16, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on March 5, 2018.

Appellant raises the following issue for our review:

> DID THE SENTENCING COURT ABUSE ITS DISCRETION BY IMPOSING A MANIFESTLY EXCESSIVE AND UNJUST AGGREGATE SENTENCE AS THE SENTENCE DEVIATED ABOVE THE AGGRAVATED RANGE OF THE SENTENCING GUIDELINES WITH ALL COUNTS RUN CONSECUTIVE TO ANY OTHER SENTENCE APPELLANT WAS CURRENTLY SERVING, AND DID NOT CONSIDER THE REHABILITATIVE NEEDS OF APPELLANT, HIS PRIOR RECORD SCORE AS CALCULATED BY THE SENTENCING GUIDELINES OR THE OTHER SENTENCES HE WAS SERVING AT THE TIME THE ABOVE SENTENCE WAS IMPOSED?

(Appellant's Brief at 4).

Appellant complains the court sentenced him above the aggravated range of the sentencing guidelines without proper consideration of mitigating sentencing factors. Appellant states the sentencing court should have considered mitigating sentencing factors, such as: (1) Appellant's testimony

concerning programs and therapy he participated in while in prison; (2) Appellant's drug addiction; (3) testimony from Appellant's family members regarding the positive changes Appellant has made, as well as the support they will provide for him; and (4) Appellant's guilty plea and acceptance of responsibility for his crimes. Nevertheless, Appellant asserts the sentencing court also relied on factors already contemplated in the available sentencing guidelines, such as Appellant's prior arrests and convictions, to determine an appropriate sentence. Appellant maintains the court abused its discretion when it imposed his current sentences to run consecutively and consecutive to the sentence he was already serving in New Jersey. For these reasons, Appellant concludes his sentence should be vacated and remanded for resentencing. As presented, Appellant's claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003) (stating claim that court considered improper factors at sentencing refers to discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing). *See also Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). The concise statement must indicate "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." ***Commonwealth v. Kiesel***, 854 A.2d 530, 532 (Pa.Super. 2004) (quoting ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa.Super. 2000), *appeal denied,* 563 Pa. 672, 759 A.2d 920 (2000)).

The determination of what constitutes a substantial question must be

evaluated on a case-by-case basis. **Anderson, supra**. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 913. A substantial question exists where an appellant alleges the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances. **Commonwealth v. Felmlee**, 828 A.2d 1105 (Pa.Super. 2003) (*en banc*). Likewise, a substantial question exists where an appellant alleges an excessive sentence due to the court's reliance on impermissible factors. **Commonwealth v. McNabb**, 819 A.2d 54 (Pa.Super. 2003).

Moreover,

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

**Austin, supra** at 808 (internal citations and quotation marks omitted). **See also Commonwealth v. Hoag**, 665 A.2d 1212, 1214 (Pa.Super. 1995) (stating appellant is not entitled to "volume discount" for his crimes by having all sentences run concurrently). **But see Commonwealth v. Dodge**, 957 A.2d 1198 (Pa.Super. 2008), *appeal denied*, 602 Pa. 662, 980 A.2d 605

(2009) (holding consecutive, standard range sentences on thirty-seven counts of **petty theft offenses** for aggregate sentence of 58½ to 124 years' imprisonment constituted virtual life sentence and was so manifestly excessive as to raise substantial question). "Thus, in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa.Super. 2011). ***But see Austin, supra*** (holding that challenge to imposition of consecutive sentences, which yields extensive aggregate sentence, does not necessarily present substantial question as to discretionary aspects of sentencing, unless court's exercise of discretion led to sentence that is grossly incongruent with criminal conduct at issue and patently unreasonable).

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005). Pursuant to Section 9721(b),

"the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Commonwealth v. Griffin,* 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). As a general rule, "a sentencing court may not 'double count' factors already taken into account in the sentencing guidelines." *Goggins, supra* at 732. Nevertheless, "courts are permitted to use prior conviction history and other factors included in the guidelines if, they are used to supplement other extraneous sentencing information." *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa.Super. 2006).

Instantly, Appellant preserved his claims in his post-sentence motion and in his Rule 2119(f) statement, and as presented the claims appear to raise substantial questions to the discretionary aspects of the sentences imposed. Nevertheless, after a thorough review of the record, the briefs of the parties,

the applicable law, and the well-reasoned opinion of the Honorable Rea B. Boylan, we conclude Appellant merits no relief. The trial court opinion comprehensively discusses and properly disposes of Appellant's claims. (**See** Trial Court Opinion, filed April 2, 2018, at 6-8) (finding: court thoroughly explained on record its sentencing rationale; imposition of aggravated sentence for each PWID conviction and imposition of statutory maximum sentence for fleeing or eluding conviction was appropriate due to nature of offenses, Appellant's prior criminal conduct, and community protection concerns; Appellant engaged in two distinct deliveries of heroin and endangered arresting officer in Appellant's attempt to flee; since 2009, Appellant has committed five similar crimes involving delivery of heroin; in four of those drug deliveries, Appellant engaged in similar aggressive and reckless conduct against police officers; Appellant continues to commit same crimes even after serving lengthy sentences; court considered Appellant's acceptance of responsibility and struggle with drug addiction; these mitigating factors did not outweigh court's concerns regarding nature of current offenses, Appellant's criminal history, and community protection; court exercised its discretion in ordering sentences to run consecutively to each other and to Appellant's existing sentence in New Jersey; lengthy term of imprisonment is necessary to address Appellant's multiple current offenses, substantial criminal history involving similar conduct, recidivism even after serving lengthy sentences, and need for community protection). The record supports

the trial court's decision; therefore, we see no reason to disturb it.

Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/18

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA :
                                   :
      v.                       :     No. CP-09-CR-0005914-2015
                                     :

KEVIN LEWIS                   :

## OPINION

Defendant Kevin Lewis ("Appellant") appeals to the Superior Court of Pennsylvania

from the denial of post-sentence motions on January 19, 2018. On December 8, 2017, Appellant

pled guilty to two counts of Delivery of a Controlled Substance,[1] one count of Fleeing or

Attempting to Elude a Police Officer,[2] and one count of Driving with a Suspended License.[3] We

sentenced Appellant to an aggregate term of nine to eighteen years' incarceration on December

27, 2017. We file this Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In the course of Appellant's guilty plea on December 8, 2017, he agreed that the

following recitation of the facts was accurate:

> Your Honor, the affiant is Corporal Reeves of the Lower Makefield Township Police
> Department.
>
> On July 29th, 2015, the corporal met with a confidential informant, made arrangements
> via cellphone to buy five bundles of heroin for $240 at the Hampton Inn at 1000 Stony
> Hill Road in Lower Makefield Township. The defendant did, in fact, arrive at that
> location and deliver .96 grams of heroin, over 54 bags for $240.
>
> On August 4th of 2015, the affiant made contact with the defendant on cellphone and
> made arrangements to buy five bundles of heroin for $240. The defendant did appear at
> Smokin Joe's Tobacco Shop at 106 East Trenton Avenue, Morrisville Borough. The
> defendant did deliver .98 grams of heroin, 49 bags.

---

[1] Counts 1 and 2: 35 P.S. § 780-113(a)(30).
[2] Count 5: 75 Pa.C.S. § 3733(a).
[3] Count 12: 75 Pa.C.S. § 1543(a).

1



The affiant then pulled out of his parking spot and attempted to block the defendant from leaving and exited his vehicle to conduct an arrest. However, the defendant drove toward the officer in his vehicle forcing him to move out of the way so that he was not hit. He drove over a curb. Marked and unmarked vehicles pursued the defendant with lights and sirens activated, but he did not stop and did flee to New Jersey and did get away at which point the pursuit was terminated. His license was suspended at the time.

N.T. 12/8/17, pp. 16-18. After the Appellant confirmed that he agreed with the Commonwealth's recitation of the facts, we accepted his plea as knowingly, voluntarily and intelligently entered. Id. at 18.

Appellant has an extensive criminal history. In 2003, Appellant was adjudicated delinquent for Attempted Burglary, graded as a second-degree felony, in New Jersey. In 2010, Appellant was convicted of Aggravated Assault and Possession of a Controlled Substance. In 2011, Appellant was convicted of Possession with Intent to Deliver a Controlled Substance in a school zone in New Jersey. In 2014, Appellant was convicted of Simple Assault in New Jersey, and was sentenced to 30 days' incarceration. At the time of his guilty plea to the above-captioned case, Appellant was serving a three to six year sentence in New Jersey for Delivery of a Controlled Substance. Id. at 18-19. At sentencing, the Commonwealth provided additional information regarding the Appellant's prior convictions in New Jersey:

> Your Honor, on June 26th of 2009 Trenton police observed the defendant sell heroin to another person. She stopped the defendant and he had $315 in cash and three bags of heroin on him. A jury did convict the defendant on May 20th of 2011. In July of that year he was sentenced on possession with intent to deliver in a school zone to 3 to 6 years in state prison.
>
> On November 30th of 2009, the defendant was in a vehicle stopped by Trenton police for not having any license plates. At that time he had an active warrant so he was told that he was under arrest. The defendant, then, struck an officer with his elbow and led them on a foot pursuit. Police eventually found the defendant and had to pepper spray him and he continued to use substantial force to arrest him.
>
> During his fleeing he discarded 38 bags of heroin from his person within 1,000 feet of this school. During the process he spit on the detective's shoulder. On June 27th of

2

2011, he did plead guilty to possession to deliver in a school zone and throwing bodily fluid at an officer.

On July 28th of 2011 he was sentenced to 2 to 4 years on that possession with intent to deliver and a consecutive flat 3 year term on the bodily fluid count. That sentence was to run concurrent with the 3-to-6 year sentence imposed on June 26th of 2009.

On August 31st of 2010, police tried to vehicle stop the defendant after two gunshots were fired from that vehicle in close proximity to the police vehicle. The defendant fled at a high rate of speed into Pennsylvania. He pled later to fleeing and eluding and on July 28th of 2011 was sentenced to a 5-year-flat jail sentence concurrent with his other cases.

On May 26 of 2015 Trenton police observed the defendant conduct a hand-to-hand drug sale to another person, attempted to stop him in his vehicle but he disregarded lights and sirens and fled at high speeds into Pennsylvania. He was charged with fleeing and eluding, risk of death or injury to another person. He did plead guilty on February 16th of 2016 and later that year he was sentenced to a flat 5-year jail sentence. The Court found in that case no mitigating factors.

On June 24th of 2015, Trenton police observed the defendant sell heroin to a person next to New Horizon Clinic which was, in part, a drug treatment facility. Police moved in to stop him and his driver but the driver refused to comply and ran over an officer's foot and fracturing it. The defendant did plead guilty on October 17th of 2016 with possession with intent to deliver in a school zone and the Status Act.

Defendant was later sentenced in December of 2016 to 2 to 5 years in jail. The Court found no mitigating factors in that case. Your Honor, those are substantially the facts of the defendant's prior New Jersey convictions.

N.T. 12/27/17, pp. 2-5. Appellant acknowledged the Commonwealth's recitation of his criminal history and did not offer any corrections or additional information. Id. at 5.

Following his plea, Appellant presented testimony regarding his participation in various prison programs. N.T. 12/8/17, pp. 21-22. Appellant apologized for his actions and expressed a desire to reunite with his family. Id. at 23. We advised the Appellant that he had yet to offer any evidence of mitigation, and offered him the opportunity to defer sentencing:

I want to tell you've not offered anything by way of mitigation, meaning you've offered nothing that makes this offense less serious, so I'm giving you the opportunity, if you want time to meet with your lawyer and talk to him, I will allow you that. This is a serious offense, sir.

3

Id. at 24. We subsequently deferred sentencing at Appellant's request. Id. at 25-26.

On December 27, 2017, we held a sentencing hearing. This Court heard testimony from the Appellant's mother and fiancée. N.T. 12/27/17, pp. 11-16. We heard additional testimony from the Appellant, who again expressed a desire to reunite with his family and accepted responsibility for his crimes. Id. at 18. Appellant further discussed his recent struggle with drug addiction. Id. at 6-7. We had previously discussed the sentencing guidelines with Appellant during the entrance of his guilty plea. The sentencing guidelines for Delivery of a Controlled Substance called for 21 to 27 months in the standard range and 33 months in the aggravated range. N.T. 12/8/17, p. 16.

In determining sentence, we considered the Appellant's acceptance of responsibility, the testimony of his family members, and his treatment needs. N.T. 12/27/17, pp. 18-19. This Court also considered that Appellant's crimes involved two separate deliveries of heroin, his prior history of endangering law enforcement on multiple occasions, and the fact that he continued to commit the same crimes even after serving a lengthy sentence. Id. at 19. We stated that any briefer sentence "would not serve to protect the community, nor would it address [Appellant's] rehabilitative needs." Id. We subsequently sentenced Appellant to an aggregate term of nine to eighteen years' incarceration. Specifically, we sentenced Appellant to consecutive terms of 33 to 66 months' incarceration for each Delivery of a Controlled Substance Count, and a consecutive term of three-and-one-half to seven years' incarceration for Fleeing or Attempting to Elude a Police Officer. Id. at 19-20. We advised Appellant on the record that his sentence for Fleeing or Eluding was imposed according to the statutory maximum. Id. at 19. We ordered each of the three sentences to run consecutively to one another, and that the aggregate sentence in this case

4

run consecutively to Appellant's existing sentence in New Jersey. Id. at 19-20. We imposed no further penalty for the remaining counts. Id.

On January 3, 2018, Appellant filed a Motion to Modify and Reconsider Sentence. We held a hearing on January 19, 2018, and heard additional testimony from the Appellant and his father. We subsequently denied Appellant's Motion, and reiterated our reasoning for his sentence as follows:

> I will say that it's one of the saddest things that you do as a judge, not the saddest, but one of the saddest things you do as a judge to sentence a young man who has promise and has the support of a family for a serious offense.
>
> But, in fact, I've misspoken. You were sentenced for offenses. These are two deliveries, and in addition the fleeing or alluding [sic] offense,[4] and the same aggressive behavior had occurred in the past four pleas, and you were convicted of it.
>
> The deliveries are of heroin, one of the two most dangerous drugs I see on a day-in, day-out basis. Lives are destroyed and taken by the drug. These are serious offenses, and I've tried to look at this from every perspective. It brings me no pleasure to do this, and I do believe in redemption, and I do believe with your family behind you at the end of the sentence you will be able to rebuild your life if you choose to do so. But unfortunately I find no basis for reconsideration.

N.T. 1/19/8, pp. 24-26. Appellant filed a timely Notice of Appeal to the Superior Court on February 14, 2018.

## II.   MATTERS COMPLAINED OF ON APPEAL

On February 16, 2018, this Court issued an Order pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) directing Appellant to file a Concise Statement of Matters Complained of on Appeal. On March 5, 2018, Appellant filed such a Statement, which raised the following issue, *verbatim*:

> 1. Whether the trial court abused its discretion by imposing a manifestly excessive and unjust aggregate sentence on the aforesaid docket number as the sentence

---

[4] We note that the inclusion of "alluding" is a typographical error in the transcript, and not an error in the Court's statement. Because we believe this is an obvious misspelling of "eluding" and a non-material error, we did not issue a corrected transcript pursuant to Pa.R.A.P. 1926.

5

deviated above the aggravated range of the sentencing guidelines with all counts run consecutive to each other and consecutive to any other sentence Appellant was currently serving, and did not consider the rehabilitative needs of the Appellant, his prior record score as calculated by the Sentencing Guidelines or other sentences he was serving at the time the above sentence was imposed.

## III. ANALYSIS

Appellant argues that this court abused its discretion and improperly imposed a manifestly excessive sentence. Appellant further argues that we improperly imposed consecutive sentences and did not consider other mitigating factors in imposing sentence. We find that this Court issued a sentence well within its discretion.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." Commonwealth v. Fullin, 892 A.2d 843, 847 (Pa. Super. Ct. 2006) (citation omitted). To establish an abuse of discretion, an appellant must show, by reference to the record, "that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision." Id.

When imposing a sentence, the sentencing court must consider the following factors: (1) protection of the public, (2) gravity of offense in relation to impact on victim and community, (3) rehabilitative needs of the defendant, and (4) sentencing guidelines. 42 Pa.C.S. § 9721(b). The sentencing court "has wide discretion in sentencing and [may], on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." Commonwealth v. Stewart, 867 A.2d 589, 593 (Pa. Super. Ct. 2005) (citation omitted). "[T]he sentencing court may deviate from the guidelines . . . to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community . . . ." Commonwealth v. Warren, 84 A.3d 1092, 1097 (Pa. Super. Ct. 2014) (citation

6

omitted). When sentencing a defendant outside of the sentencing guidelines, the sentencing court "must state its reasons for departing from the guidelines on the record." Id. The sentencing court's reasoning must include "the factual basis and specific reasons which compelled [deviation] from the guideline range." Commonwealth v. Bowen, 55 A.3d 1254, 1264 (Pa. Super. Ct. 2012) (citation omitted).

The sentencing court has discretion to run sentences concurrently or consecutively to other sentencing being imposed. Commonwealth v. Mouzon, 828 A.2d 1126, 1130-1131 (Pa. Super. Ct. 2003). The imposition of consecutive rather than concurrent sentences will raise a substantial question of excessiveness in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." Commonwealth v. Caldwell, 117 A.3d 763, 769 (Pa. Super. Ct. 2015) (citations omitted). Finally, a sentencing court has discretion to order that a sentence be served consecutively to time already served for a prior offense. Commonwealth v. Pristas, 295 A.2d 114, 117 (Pa. Super. Ct. 1972).

This Court thoroughly explained its reasoning to Appellant and provided a specific, factual basis for the aggregate sentence on the record. We found that imposing an aggravated range sentence for each Delivery count and a statutory maximum sentence for the Fleeing or Eluding count was appropriate due to the nature of the offense, Appellant's prior criminal conduct and community protection. Specifically, in this case, Appellant engaged in two distinct deliveries of heroin and endangered the arresting officer in his attempt to flee. Since 2009, Appellant had committed five similar crimes involving delivery of heroin. In four of those crimes, Appellant engaged in the same type of aggressive and reckless conduct against police officers. Three of Appellant's prior drug deliveries occurred in a school zone. Finally,

7

Appellant continued to commit the same crimes even after serving several lengthy sentences. While we acknowledged and considered Appellant's acceptance of responsibility and struggle with drug addiction, these mitigating factors did not outweigh this Court's concerns regarding the nature of the offense, Appellant's criminal history, and community protection.

Consequently, we imposed sentences in the aggravated range for each of Appellant's Delivery of a Controlled Substance counts, and a statutory maximum sentence for his Fleeing or Eluding a Police Officer charge. We further acted within our discretion in ordering that the sentences run consecutively to each other and to Appellant's existing sentence in New Jersey. We determined that only a lengthy sentence would address Appellant's multiple current offenses, substantial criminal history involving similar conduct, his tendency to reoffend even after serving lengthy prison terms, and the need for community protection. Our reasoning is set forth on the record and was clearly communicated to Appellant. Thus, we believe that this Court did not abuse its discretion in imposing sentence.

## IV.    CONCLUSION

For the foregoing reasons, we respectfully submit that Appellant's argument is without merit and his appeal should be denied.

DATE:

April 2, 2018

BY THE COURT:

REA B. BOYLAN, J.

8

Copies sent to:

David A. Keightly, Jr., Esq.
Bucks County District Attorney's Office
Bucks County Justice Center
100 North Main Street
Doylestown, PA 18901
*Counsel for the Commonwealth*

Riley M. Downs, Esq.
Bucks County Public Defender's Office
Bucks County Justice Center
100 North Main Street
Doylestown, PA 18901
*Counsel for Appellant*